UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

David B. Howard,
        Claimant

        v.                              Case No. 12-cv-497-SM
                                        Opinion No. 2014 DNH 027

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration,
        Defendant

## O R D E R

Pursuant to 42 U.S.C. § 405(g), claimant, David Howard, moves to reverse or vacate the Commissioner's decision denying his application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act").  The Commissioner objects and moves for an order affirming her decision.

For the reasons discussed below, claimant's motion is denied, and the Commissioner's motion is granted.

## Factual Background

I.   Procedural History.

In 2010, claimant filed an application for Disability Insurance Benefits, alleging that he had been unable to work

since October 31, 2008.  That application was denied and claimant requested a hearing before an Administrative Law Judge ("ALJ").

In September of 2011, claimant and his attorney appeared before an ALJ, who considered claimant's application de novo. Four weeks later, the ALJ issued his written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of sedentary work, "except the claimant is limited from performing more than simple, repetitive tasks." Admin. Rec. at 37.  Although claimant's limitations precluded him from performing any of his past relevant work, the ALJ concluded that there was still a significant number of jobs in the national economy that he could perform.  Id. at 40.  Accordingly, the ALJ determined that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of his decision.  Id.

Claimant then sought review of the ALJ's decision by the Appeals Council, which denied his request for review. Accordingly, the ALJ's denial of claimant's application for benefits became the final decision of the Commissioner, subject to judicial review.  Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported

by substantial evidence.  He then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 13).  In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 15).  Those motions are pending.

II.  Stipulated Facts.

Pursuant to this court's Local Rule 9.1, the parties have submitted a "Joint Statement of Material Facts" which, because it is part of the court's record (document no. 16), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

## Standard of Review

I.  "Substantial Evidence" and Deferential Review.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence.  See 42 U.S.C. §§ 405(g).  See also Irlanda Ortiz v. Secretary of Health & Human Services, 955

F.2d 765, 769 (1st Cir. 1991).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something less than a preponderance of the evidence, so the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).

This court's review of the ALJ's decision is, therefore, both limited and deferential.  The court is not empowered to consider claimant's application de novo, nor may it undertake an independent assessment of whether he is disabled under the Act. Rather, the court's inquiry is "limited to determining whether the ALJ deployed the correct legal standards and found facts upon the proper quantum of evidence."  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  Provided the ALJ's findings are properly supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position.  See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir.

1988); <u>Rodriquez v. Secretary of Health & Human Services</u>, 647 F.2d 218, 222 (1st Cir. 1981).

II.   <u>The Parties' Respective Burdens</u>.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that his impairment prevents him from performing his former type of work.  <u>See</u> <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985); <u>Paone v. Schweiker</u>, 530 F. Supp. 808, 810-11 (D. Mass. 1982).  If the claimant demonstrates an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform.  <u>See</u> <u>Vazquez v. Secretary</u>

5

of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  See
also 20 C.F.R. § 404.1512(f).


    In assessing a disability claim, the Commissioner considers
both objective and subjective factors, including: (1) objective
medical facts; (2) the claimant's subjective claims of pain and
disability, as supported by the testimony of the claimant or
other witnesses; and (3) the claimant's educational background,
age, and work experience.  See, e.g., Avery v. Secretary of
Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986);
Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6
(1st Cir. 1982).  Ultimately, a claimant is disabled only if his:

> physical or mental impairment or impairments are of
> such severity that he is not only unable to do his
> previous work but cannot, considering his age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).


    With those principles in mind, the court reviews claimant's
motion to reverse and the Commissioner's motion to affirm her
decision.

**Background - The ALJ's Findings**

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since his alleged onset of disability: October 31, 2008.  Admin. Rec. at 34.  Next, he concluded that claimant suffers from the following severe impairments: "a disorder of the right knee status post right ACL repair [in] January 2011, with a second surgery in August 2011, an adjustment disorder with depression and anxiety, attention deficit hyperactivity disorder, and a personality disorder."  Id.  Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.  Admin. Rec. at 36.

Next, the ALJ assessed claimant's residual functional capacity ("RFC") and concluded he retained ability to perform the exertional demands of sedentary work, provided it involves no

more than performing simple, repetitive tasks.[1]  Admin. Rec. at
37.  In light of those restrictions, the ALJ concluded that
claimant was not capable of returning to any of his prior jobs.
Id. at 39.

Finally, the ALJ considered whether there were any jobs in
the national economy that claimant might perform.  Relying upon
the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P,
App. 2, tables 1-3 (also known as the "Grid"), as a framework,
the ALJ concluded that, notwithstanding claimant's exertional and
non-exertional limitations, he is capable of performing work that
exists in substantial numbers in the national economy.
Specifically, he determined that claimant's "additional
limitations have little or no effect on the occupational base of
unskilled sedentary work."  Id. at 40.  Consequently, he

---

[2]      "RFC is what an individual can still do despite his or her
functional limitations.  RFC is an administrative assessment of
the extent to which an individual's medically determinable
impairment(s), including any related symptoms, such as pain, may
cause physical or mental limitations or restrictions that may
affect his or her capacity to do work-related physical and mental
activities.  Ordinarily, RFC is the individual's maximum
remaining ability to do sustained work activities in an ordinary
work setting on a regular and continuing basis, and the RFC
assessment must include a discussion of the individual's
abilities on that basis."  Social Security Ruling ("SSR"), 96-8p,
Policy Interpretation Ruling Titles II and XVI: Assessing
Residual Functional Capacity in Initial Claims, 1996 WL 374184 at
*2 (July 2, 1996) (citation omitted).

concluded that claimant was not "disabled," as that term is
defined in the Act, through the date of his decision.

## Discussion

This case is complicated somewhat by the fact that claimant
is proceeding pro se - a difficult task, given the complexity of
the administrative regulations and federal case law that govern
judicial review of Social Security benefit decisions.  And,
unfortunately, he has not specifically identified any errors he
believes the ALJ made in reaching the conclusion that he was not,
prior to September 23, 2011, disabled within the meaning of the
Act.  See generally Complaint (document no. 1) and Motion for
Order Reversing the Decision fo the Commissioner (document no.
13).  In neither of those single-page documents does claimant
identify any errors - whether legal or factual - that he believes
the ALJ committed.

The Commissioner, to her credit, filed a lengthy and
thorough legal memorandum, in which she addresses the ALJ's
findings at each of the five analytical steps of the evaluation
process.  And, as to each of those findings, the Commissioner has
explained (with record citations) why it is supported by
substantial evidence.  The court has reviewed both the ALJ's

written decision and the Commissioner's memorandum, and the court has not identified any apparent legal or factual errors in the ALJ's decision.

While the court is certainly sympathetic to Mr. Howard's position, it cannot act as his lawyer. At the very least, the Commissioner could legitimately complain should the court endeavor to identify, argue, consider, and resolve legal arguments it has posited. See generally Pliler v. Ford, 542 U.S. 225, 231-232 (2004). The court does, however, note that Mr. Howard (at least arguably) implies that his condition may have worsened since the ALJ's decision. See Claimant's Motion (document no. 13) at 1 ("I am no longer able to work due to my injury and psychological condition.") (emphasis supplied). It is, then, conceivable that he may have a basis for filing a new application for benefits - a matter he might consider discussing with either his former counsel or new counsel.

## Conclusion

Having carefully reviewed the administrative record and the arguments advanced by both the Commissioner and claimant (such as they are), the court concludes that there is substantial evidence in the record to support the ALJ's determination that claimant

was not disabled at any time prior to the date of the ALJ's written decision.  As demonstrated by the Commissioner's memorandum, the ALJ's findings at each of the five steps of the analytical process are supported by substantial evidence.

The question before this court is not whether it believes claimant is disabled and entitled to benefits.  Instead, the question presented is far more narrow: whether there is substantial evidence in the record to support the ALJ's decision.  There is.  Consequently, while there is certainly substantial evidence in the record suggesting that claimant suffers from significant emotional/psychological difficulties, as well as periodic pain in his surgically repaired right knee and arthritic left ankle, the existence of such evidence is not sufficient to undermine the ALJ's decision, which is also supported by substantial evidence.  When substantial evidence can be marshaled from the record to support either the claimant's position or the Commissioner's decision, this court is obligated to affirm the Commissioner's finding of no disability.  See, e.g., Tsarelka, 842 F.2d at 535 ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 13) is denied, and the Commissioner's motion to affirm her decision (document no. 15) is granted.  As noted above, if claimant's condition has substantially worsened since the date of the ALJ's decision, he might consider consulting with counsel about the possibility of filing a new application for benefits.

The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 10, 2014

cc:  David B. Howard, pro se
     Robert J. Rabuck, Esq.